# LEACH, DOING BUSINESS AS ORGANO PRODUCT COMPANY, *v.* CARLILE, POSTMASTER.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 105. Submitted January 18, 1922.—Decided February 27, 1922.

Whether the advertising of a medicinal preparation, through the mails, so grossly overstates its true virtue as to work a fraud upon the public, is a question of fact committed to the decision of the Postmaster General, and his conclusion will not be reviewed by the courts when fairly arrived at and supported by substantial evidence. P. 139.

267 Fed. 61, affirmed.

APPEAL from a decree of the Circuit Court of Appeals which affirmed a decision of the District Court dismissing the bill in appellant's suit to enjoin enforcement of a postal fraud order.

*Mr. Lee D. Mathias* for appellant. *Mr. P. W. Sullivan* was also on the brief.

*Mr. Solicitor General Beck, Mr. Assistant Attorney General Crim* and *Mr. H. S. Ridgely* for appellee.

MR. JUSTICE CLARKE delivered the opinion of the court.

The appellant, doing business in the name of " Organo Product Company, " in his bill prayed for an injunction restraining the Postmaster at Chicago from giving effect to a " fraud order " against him, issued by the Postmaster General on August 15, 1919, pursuant to authority of Rev. Stats., § 3929 and § 4041. The order was in the usual form, prohibiting the delivery of mail or payment of money orders to appellant, and directing the disposition of mail which should be addressed to him. The District Court, refusing the injunction, dismissed the bill, and the Circuit Court of Appeals affirmed its decree. *Leach v. Carlisle,* 267 Fed. 61.

The appellant was engaged in selling what he called "Organo Tablets," which he advertised extensively through the mails as "Recommended and prescribed by leading physicians throughout the civilized world for nervous weakness, general debility, sexual decline or weakened manhood and urinary disorders . . . sleeplessness and run-down system," and various other ailments.

Appellant is an old offender, a prior fraud order having been issued against him, under another name, in April, 1918, as a result of which he changed his trade name and modified in a measure his advertising matter.

The order complained of was entered after an elaborate hearing, of which the appellant had due notice and at which he was represented by counsel, and introduced much evidence.

The only error assigned in this court is the affirming by the Circuit Court of Appeals of the decree of the District Court, refusing the injunction and dismissing the bill. In argument it is contended that the question decided by the Postmaster General was that the substance which the appellant was selling did not produce the results claimed for it, that this, on the record, was a matter of opinion as to which there was conflict of evidence, and that therefore the case is within the scope of *American School of Magnetic Healing v. McAnnulty,* 187 U. S. 94. Without considering whether such a state of facts would bring the case within the decision cited, it is sufficient to say that the question really decided by the lower courts was, not that the substance which appellant was selling was entirely worthless as a medicine, as to which there was some conflict in the evidence, but that it was so far from being the panacea which he was advertising it through the mails to be, that by so advertising it he was perpetrating a fraud upon the public. This was a question of fact which the statutes cited committed to the decision of the Postmaster General, and the applicable, settled rule of law is that the

conclusion of a head of an executive department on such a question, when committed to him by law, will not be reviewed by the courts where it is fairly arrived at and has substantial evidence to support it, so that it cannot justly be said to be palpably wrong and therefore arbitrary. *Bates & Guild Co.* v. *Payne*, 194 U. S. 106, 108, 109; *Smith* v. *Hitchcock*, 226 U. S. 53, 58; *Houston* v. *St. Louis Independent Packing Co.*, 249 U. S. 479, 484; *Milwaukee Social Democratic Publishing Co.* v. *Burleson*, 255 U. S. 407, 413, and cases cited.

An examination of the record fully justifies the conclusion of the Circuit Court of Appeals that it not only fails to show that the Postmaster General had no warrant of law for his order but that, on the contrary, it shows there was abundant ground for it. The decree of the Circuit Court of Appeals must be

*Affirmed.*

MR. JUSTICE HOLMES, with whom concurred Mr. Justice Brandeis, dissenting.

The statute under which fraud orders are issued by the Postmaster General has been decided or said to be valid so many times that it may be too late to expect a contrary decision. But there are considerations against it that seem to me never to have been fully weighed and that I think it my duty to state.

The transmission of letters by any general means other than the postoffice is forbidden by the Criminal Code, §§ 183–185. Therefore, if these prohibitions are valid, this form of communication with people at a distance is through the postoffice alone; and notwithstanding all modern inventions letters still are the principal means of speech with those who are not before our face. I do not suppose that anyone would say that the freedom of written speech is less protected by the First Amendment than the freedom of spoken words. Therefore I cannot

understand by what authority. Congress undertakes to authorize anyone to determine in advance, on the grounds before us, that certain words shall not be uttered. Even those who interpret the Amendment most strictly agree that it was intended to prevent previous restraints. We have not before us any question as to how far Congress may go for the safety of the Nation. The question is only whether it may make possible irreparable wrongs and the ruin of a business in the hope of preventing some cases of a private wrong that generally is accomplished without the aid of the mail. Usually private swindling does not depend upon the postoffice. If the execution of this law does not abridge freedom of speech I do not quite see what could be said to do so.

Even if it should be held that the prohibition of other modes of carrying letters was unconstitutional, as suggested in a qualified way in *Ex parte Jackson,* 96 U. S. 727, it would not get rid of the difficulty to my mind, because the practical dependence of the public upon the postoffice would remain. But the decision in that case admits that possibly at least the prohibition as to letters would be valid. That case was not dealing with sealed letters. The decisions thus far have gone largely if not wholly on the ground that if the Government chose to offer a means of transportation which it was not bound to offer it could choose what it would transport; which is well enough when neither law nor the habit that the Government's action has generated has made that means the only one. But when habit and law combine to exclude every other it seems to me that the First Amendment in terms forbids such control of the post as was exercised here. I think it abridged freedom of speech on the part of the sender of the letters and that the appellant had such an interest in the exercise of the right that he could avail himself of it in this case. *Buchanan v. Warley,* 245 U. S. 60.