AMERICAN LOCKER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34372. Promulgated November 21, 1930.

*Harry Freidman*, *Esq.*, and *Chauncey Lobingier*, *Esq.*, for the petitioner.
*W. L. Hart*, *Esq.*, and *J. E. Mather*, *Esq.*, for the respondent.

OPINION.

MURDOCK: The petitioner can not successfully contend before this Board that section 280 of the Revenue Act of 1926 is unconstitutional. *Henry Cappellini*, 14 B. T. A. 1269. See also *Phillips v. Commissioner*, 42 Fed. (2d) 177; *Routzahn v. Tyroler*, 36 Fed. (2d) 208.

The original taxpayer filed its return on July 12, 1922. The four-year period for assessment of any additional taxes against this taxpayer would have expired on July 12, 1926. Sec. 277 (a), Revenue Acts of 1924 and 1926. However, a deficiency notice was mailed to the taxpayer on February 2, 1926, and this fact served to suspend the running of the four-year period for assessment above mentioned. Secs. 274 and 277 (b), Revenue Acts of 1924 and 1926; sec. 283 (c), Revenue Act of 1926. The Commissioner assessed the taxes in controversy on April 6, 1926. He had a right to make an assessment on that day if he believed assessment would be jeopardized by delay. Sec. 279 (a), Revenue Act of 1926. No claim is made that this assessment was improper, and the record would not support such a claim if made. We assume that this act of the Commissioner was regular and valid. Cf. *United States v. Dandridge*, 12 Wheat. 64; *California Associated Raisin Co.*, 1 B. T. A. 1251; *Henry Veeder*, 10 B. T. A. 884, in effect affirmed in 36 Fed. (2d) 342; *Leach v. Carlile*, 258 U. S. 138. Section 277 (b) of the Revenue Act of 1926 suspends the running of the statute of limitation for the period during which the Commissioner was prohibited from making the assessment and for sixty days thereafter.

There is nothing in the legislative history of this section, in the reasons for the provision, or in the language used to justify a holding that the period during which the Commissioner was prohibited from making the assessment extended beyond April 6, 1926, the date on which he actually made a valid assessment. Thus, the running of the four-year period of limitation on assessment was suspended not longer than from February 2, 1926, the day on which the deficiency notice was mailed, until sixty days after April 6, 1926, or 123 days, and instead of the period expiring on July 12, 1926, it expired not later than November 12, 1926. The transferee notice of deficiency to the petitioner in this case, mailed on November 29, 1927, was not mailed within one year after the expiration of the period of limitation for assessment against the taxpayer, and the statute of limitations provided in section 280 (b) (1) of the Revenue Act of 1926 bars assessment of this tax against the petitioner.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*