## ZENITH RADIO CORPORATION v. FEDERAL TRADE COMMISSION.

### No. 8175.

Circuit Court of Appeals, Seventh Circuit.
June 3, 1944.

30

Irving Herriott and W. Ward Smith, both of Chicago, Ill., for petitioner.

Joseph J. Smith, Jr., Asst. Chief Counsel, Everett E. Haycraft, Sp. Atty., W. T. Kelley, Chief Counsel, and Jno. W. Carter, Jr., Sp. Atty., Federal Trade Commission, all of Washington, D. C., for respondent.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The Federal Trade Commission filed a complaint against the Zenith Radio Corporation of Chicago, Illinois, charging it with engaging in unfair and deceptive acts and practices in commerce in violation of the Federal Trade Commission Act, Sec. 5 (b), 15 U.S.C.A. § 45(b). The corporation answered and after extensive hearings, the Commission found the corporation had violated the Act as charged in the complaint and entered an order that it cease and desist from certain acts and practices. The corporation, hereinafter called the petitioner, has filed a petition in this Court to review this order of the Commission. The only question presented is whether there is substantial evidence to support the order.

The evidence without dispute showed that the petitioner was engaged in selling in interstate commerce radios which it manufactured. In behalf of its dealers, the petitioner prepared, and in some instances paid for, considerable advertising through newspapers and magazines, folders and circulars, and radio broadcasts. In these advertisements, two representations were made to the public which the Commission found were erroneous and misleading in violation of the act. These were advertisements as to 1) the capacity of the radio receiving sets to receive foreign broadcasts, and 2) the number of tubes in the radio receiving sets.

With reference to the foreign broadcast capacity of the petitioner's sets, the Commission found the following typical advertisement disseminated by the petitioner to be false and misleading:

"Europe is talking to you every night in English. Are you listening?

"With Zenith, the short wave radio that gives you 'Europe, direct' you can hear all the leaders * * * all the daily news broadcasts. You need not depend on rebroadcasts which bring you only a small part.

"Europe, South America or the Orient every day guaranteed or your money back on all short wave Zeniths.

"1940 Zenith the guaranteed short wave radio"

The Commission found from evidence not in dispute that due to certain atmospheric conditions and electrical disturbances which the radio industry has been unable to overcome the satisfactory reception of foreign broadcasts every day is impossible, and that the petitioner's radio sets were incapable of the satisfactory reception of foreign broadcasts every day and under all conditions. The Commission further found that the public's knowledge of the difficulties of radio reception was so limited that it could not properly evaluate the petitioner's representations and that such representations were so made as to lead the public to believe that by using the petitioner's radio all of these difficulties of radio reception would be overcome.

. The second violation of the Act alleged was in the sponsoring and disseminating of advertisements as to the number of tubes the radios contained, such as:

"6-Tube Superheterodyne Table Model"

"8-Tube Superheterodyne With Wave-magnet Aerial"

"Ten-Tube superheterodyne with Rotor Wavemagnet Aerial"

"Eleven-Tube superheterodyne with Rotor Wavemagnet Aerial"

As to these advertisements, it was stipulated:

"Respondent admits that during 1939 it encouraged and paid for advertisements of its radio receiving sets which represented that such sets contained a stated number of tubes. Respondent also admits that in some of such advertisements the fact that one or more of the devices therein referred to as tubes were rectifier tubes was not stated or indicated, and that in some of said advertisements one of the devices referred to as a tube, i.e., the 'Magic Eye' device, was not a tube but was a tuning indicator device and was not referred to as such."

The Commission found that a substantial portion of the purchasing public believes that the greater number of tubes in a receiving set, the better and more powerful radio it is, and it also found that these advertisements impliedly represented that all of the tubes advertised were tubes having something to do with detecting, amplifying, and receiving radio signals. The stipulation above admits that some devices advertised as tubes were not tubes at all, while others were rectifier tubes. The Commission found that rectifier tubes, which are used primarily to convert alternating current into direct current, "do not perform the primary function of detecting, amplifying, or receiving radio signals."

This stipulation is an admission by the petitioner that it had engaged in deceptive practices through disseminating and sponsoring advertisements which because of their makeup might cause the public to misunderstand or be deceived. Since the petitioner displayed the number of tubes so prominently in the advertisements, it seems clear that it was trying to give the impression that the more tubes a radio had, the more powerful reception it would have and that all of the tubes advertised had to do with the "customary functions of radio receiving set tubes in the detection, amplification, and reception of radio signals." If that was not what the petitioner intended, why all of the deceptive practices?

The Commission was not required to sample public opinion to determine what the petitioner was representing to the public. The Commission had a right to look at the advertisements in question, consider the relevant evidence in the record that would aid it in interpreting the advertisements, and then decide for itself whether the practices engaged in by the petitioner were unfair or deceptive, as charged in the complaint.

If the Commission arrived at its finding fairly "and has substantial evidence to support it, so that it cannot justly be said to be palpably wrong and therefore arbitrary" it is our duty to uphold the Commission's finding, Leach v. Carlile, 258 U.S. 138, 140, 42 S.Ct. 227, 228, 66 L.Ed. 511. Brougham v. Blanton Mfg. Co., 249 U.S. 495, 39 S.Ct. 363, 63 L.Ed. 725; Houston v. St. Louis Independent Packing Co., 249 U.S. 479, 39 S.Ct. 332, 63 L.Ed. 717.

On a view of the advertisements and a consideration of the evidence, we think the Commission's findings were fairly arrived at and were supported by substantial evidence.

It was suggested by the petitioner that the order was not sufficiently definite to inform the petitioner of what it may and may not do. We do not think the order is open to this objection. The order is not bound to chart a course for the petitioner. The petitioner can have no doubt of the evils complained of and sought to be corrected. The offenses of which the petitioner was found guilty are met by the order. There was no overreaching by the order as condemned in Cream of Wheat Co. v. Federal Trade Commission, 8 Cir., 14 F.2d 40, 50.

The petition to review is therefore denied.