**PINKUS v. REILLY.**

Civ. No. 5616.

District Court, D. New Jersey.
June 4, 1947.

Fast & Fast, of Newark, N. J., for plaintiff.

Edgar H. Rossbach, U. S. Atty., and Roger M. Yancey, Asst. U. S. Atty., both of Newark, N. J. for the Government.

MEANEY, District Judge.

This matter is before the Court on defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, based on the ground that on the pleadings and exhibits filed herein, there is no genuine issue as to any material fact and defendant is entitled to a judgment as a matter of law.

The action arises out of suit brought by the plaintiff, Joseph J. Pinkus, trading as American Health Aids Company and also as Energy Food Center, against Louis A. Reilly, as Postmaster of the City of Newark, to enjoin the carrying out of a "fraud order" made by the Postmaster General excluding from the mails matter addressed to plaintiff. The matter originally came before this court on plaintiff's motion for a preliminary injunction, which was issued following the filing of an earlier opinion by this court. In the original opinion, reported in Pinkus v. Walker, D.C., 61 F. Supp. 610, 613, a permanent injunction was ordered, which was later modified in the order issued pursuant to that opinion, to an ad interim restraint pending the further order of this court.

Subsequent to the motion for a preliminary restraint, the defendant filed an answer and now seeks summary judgment for the

994

defendant based on the pleadings and exhibits filed herein.

The Postmaster General in issuing the so-called "fraud order", found that the plaintiff was engaged in conducting a scheme for obtaining money through the mails by means of false and fraudulent pretenses, representations and promises, in violation of sections 259 and 732 of title 39, 39 U.S.C.A. §§ 259, 732. The plaintiff is engaged in the business of selling and distributing, through the mails and in his store, a formula known as Dr. Phillip's Kelpidine Reducing Plan, which has for its purpose reducing of excess fat. Advertisements appeared in many periodicals to the effect that adherence to the reducing plan will reduce fat without discomfort, exercise or restriction to any special dietary regimen, except as set forth in the plan.

The solicitor for the Postmaster General in his memorandum made findings of fact, and on such findings recommended the issuance of the fraud order. In the previous opinion filed in this matter, this Court granted the interim restraint, based upon this court's determination that there was insufficient evidence from which the Postmaster General could find actual fraud in fact, as distinguished from a finding based upon difference of opinion.

Further examination of all the pertinent facts as they are contained in the papers before the court, including the solicitor's memorandum and the record of the hearing before the Solicitor, leads me to the same conclusion as that originally reached.

■ The defendant has urged with great vigor the argument that this Court in reviewing the record is not called upon to make an independent finding as to whether the enterprise in which the plaintiff is engaged is a fraud, but rather to determine whether the Postmaster had any evidence to sustain his fraud order. With this contention the Court is in complete agreement. The scope and extent of judicial review of a "fraud order" issued by the Postmaster General is well defined in Read Magazine v. Hannegan, D.C. 63 F.Supp. 318, 321, where the Court states that: "The duty of administering the law devolves on (the Postmaster General). The discretion is vested in him. The determination of the

fact whether a fraudulent scheme is being conducted must be made by him 'upon evidence satisfactory to him'. The court may not substitute its own judgment for that of the Postmaster General. Neither may it review the weight of evidence and set aside his action merely because the court might have arrived at a different result on the same evidence."

The power of a court sitting in equity to review the order extends to the limits above noted and not further, but the decision of the Postmaster General may be enjoined on the grounds that it was issued in a case which was not within his jurisdiction. Thus, if the court determines that the fraud order was issued on a finding by the Postmaster General, based on opinion evidence, instead of evidence arising in fact, the order is illegal and without authority. American School of Magnetic Healing v. McAnnulty, 187 U.S. 94, 23 S.Ct. 33, 47 L.Ed. 90; Jarvis v. Shackelton Inhaler Co., 6 Cir., 136 F.2d 116.

■ In the instant case the memorandum for the Postmaster General, on the basis of which the fraud order was entered, contained findings of fact "based only upon the medical testimony of the expert witnesses" appearing on behalf of both the government and the plaintiff. The findings as to the effectiveness of the plan, the severity of the diet, and the inherent values of kelp as employed in the kelpidine plan, are not such matters, in the Court's opinion, as are subject of proof as an ordinary fact. The rigors of the plan and the claims of its effectiveness as a weight reducing method may be hotly contested, but there remains no exact standard of absolute truth by which to prove the assertions false and a fraud.

Such a determination seems to me to place this case peculiarly within the ruling of American School of Magnetic Healing v. McAnnulty, 187 U.S. 94, 23 S.Ct. 33, 38, 47 L.Ed. 90, when the court in that case held that: " * * * these statutes were not intended to cover any case of what the Postmaster General might think to be false opinions, but only cases of actual fraud in fact, in regard to which opinion formed no basis."

The Government urges upon the court the argument that the instant case is more nearly analogous to the situation in Leach v. Carlisle, 258 U.S. 138, 42 S.Ct. 227, 66 L.Ed. 511. With that contention the court cannot agree. There is no assertion in this case by plaintiff, through advertising or otherwise, that his reducing plan is a cure-all panacea, or that each and every user will experience equally beneficial or satisfactory results. Neither does it appear that the fraud order was issued on the basis of any such finding.

By the determination made herein, this court does not intimate or suggest in any manner, approval or disapproval of the reducing plan advocated by the plaintiff. The court is convinced, however, that the question of whether the methods of treatment for obesity as suggested by the plaintiff's reducing plan, are in fact without beneficial value, or are so far from producing results claimed by the method or treatment advocated as to amount to a fraud on the users thereof, was not the kind of question intended to be submitted for decision to a Postmaster General. The effectiveness of almost any particular method of treatment of disease is to a greater or less extent a fruitful source of difference of opinion. The effectiveness of the treatment under plaintiff's plan, the inherent value of kelp as a reducing agent in connection with the dietary regimen, and the severity of the diet suggested are of this character, and the efficacy of any particular method is certainly not a matter for the decision of the Postmaster General within these statutes relative to fraud. American School of Magnetic Healing, supra.

If, as this court suggested in its earlier opinion, the course advocated by plaintiff is deleterious to health, it would appear that the remedy lies in other fields than those governed by postal regulations.

In view of the foregoing, the defendant's motion for summary judgment is denied. The court is satisfied, however, that on the evidence before it, summary judgment should enter for plaintiff. No cross-motion for such judgment having been filed, entry of summary judgment for plaintiff will be withheld until such motion is made.