**BRUCE ROBERTS CO., Plaintiff,**

v.

**Joseph L. MAILLY, Postmaster of Jersey City, New Jersey, Defendant.**

**Civ. A. No. 1215-65.**

United States District Court
D. New Jersey.

June 14, 1966.

Sullivan, Sullivan & Woods, Passaic, N. J., by Sidney Schreiberg, New York City, for plaintiff.

David M. Satz, U. S. Atty., by Kenneth P. Zauber, Asst. U. S. Atty., for defendant.

On Cross-Motions for Summary Judgment

## OPINION

WORTENDYKE, District Judge:

Subject matter jurisdiction in this case is derived from 28 U.S.C. § 1339.

In its verified complaint, plaintiff, a New Jersey corporation, prays for injunctive relief against the enforcement of a fraud order No. 65–180, made by the Judicial Officer of the United States Post Office Department on October 15, 1965, finding that plaintiff is engaged in the sale of an "isometric minute a day gym" on the basis of advertising made by the use of the United States Mails in violation of 39 U.S.C. § 4005. The said fraud order refuses to allow the plaintiff to receive payment of any postal money orders drawn to the plaintiff's order, and to receive letters and other mailing matter addressed to it in connection with its business. The said fraud order also directs the United States Postmaster at Jersey City, New Jersey to hold all letters, and other mail matter arriving at his office, addressed to the plaintiff except those identifiable as not relating to the enterprise complained against, and to stamp the word "fraudulent" upon the items of mail so directed to be held; thereupon returning such mail so stamped to the respective senders thereof. The complaint charges that the said fraud order is not based on any evidence of fraud on the part of the plaintiff in, or in connection with, its advertising matter referred to in the order, or any evidence of intent to deceive. The complaint further alleges the exhaustion of all administrative remedies within the Post Office Department, and that the plaintiff has suffered and will continue to suffer irreparable damage by the continuance of said fraud order in effect.

Temporary and permanent injunctive relief are sought by the plaintiff from this Court.

Each of the parties has moved the Court for summary judgment upon the record of proceedings in the Post Office Department, together with the exhibits annexed thereto.

The complaint of the General Counsel of the Post Office Department, filed on July 31, 1964, alleged that he had probable cause to believe that a fraudulent scheme was being conducted in violation of 39 U.S.C. § 4005 by Bruce Roberts Co. at Jersey City, New Jersey in that said respondent was obtaining remittances of money through the mail by means of false and fraudulent pretenses, representations and promises in the form of advertising material attached as exhibits to the complaint. The representations so embodied were alleged to be false and fraudulent, and the General Counsel prayed that a fraud order be issued pursuant to provisions of the statute.

The Respondent answered the administrative complaint admitting that it has received remittances of money through the mails in payment for Isometric Exercisers which it sells with an accompanying brochure describing its use, and denying all other allegations of the complaint.

Administrative hearings were duly held upon the complaint and answer before a Hearing Examiner of the Department, and on April 5, 1965 said Examiner filed a decision recommending dismissal of the complaint upon the ground that the evidence failed to disclose the existence of fraud.

From the findings and conclusions of the Hearing Examiner, the complainant sought review before the Judicial Officer, who rendered a Departmental Decision on October 15, 1965 sustaining the Hearing Examiner's Initial Decision " * * * except in the representations in the advertisements on 'S–X Exercises' " and issued a fraud order against Bruce Roberts Co.

The Departmental Decision of the Judicial Officer stated in part as follows:

"The representations in the advertisements used by the Respondent no doubt are exaggerated but there is a strong element of truth in them which does not reflect a fraudulent intent. The law in fraud is well known. Fraud cannot be inferred, it must be proved. Like the Hearing Examiner I cannot condone the exaggeration of the representations but neither can I say they are fraudulent or that there is an intent to defraud.

\*     \*     \*     \*     \*     \*

Respondent's representations relative to 'S–X Exercises'—Complainant's Exhibit D–3—are fraudulent. It is admitted by Dr. Dyke, Complainant's witness, ' \* \* \* that improved physical well being is a salutary factor in good sex relations between a man and a woman.'—Tr. 73. But he went on to say, 'I don't think you can achieve that type of long-lost joy and marital bliss and that sort of thing with this particular program.' When the doctor was asked whether these 'S–X Exercises'—Complainant's Exhibit B—would 'reveal any little known tricks, methods or secrets for new marital bliss', he said the representations were untrue.—Tr. 74. He did not qualify this answer as he did all through his testimony on the other representations. There was no proof submitted by Respondent that the isometric exercises would reveal 'little known tricks, methods or secrets for new marital bliss'. There was no proof that 'exclusive 'S–X Exercises' enable every married couple to find new joy and happiness.' Dr. Dyke claimed the representations on Complainant's Exhibit D–3 and Exhibit B were untrue. At one point he admitted there was exaggeration.—Tr. 73. One cannot find fraud where there is truth with exaggeration which stops with puffing. Exaggeration amounts to fraud when there is a wilful untruth or where there is a reckless disregard as to what the truth may be. Other than the effect of good general health on sex, the doctor made no admissions whatsoever as to the effect of the 'S–X Exercises' on sex. The representations on the 'S–X Exercises' are a fraudulent gimmick used in the sale of the isometric exercises and device in the above-named case. It is too bad that Bruce Roberts Co. succumbed to the sex angle of advertising which seems to be so commonly used in sales procedures of today." [Footnote numbers omitted]

Accordingly, the Judicial Officer directed that the fraud order issue.

The cross motions of each of the parties for summary judgment were orally argued before this Court on February 28, 1966 and, at the conclusion of the argument, decision was reserved upon each motion pending receipt of a transcript of this proceeding. This opinion embodies the decision so reserved.

The motions for summary judgment in this case are appropriately brought. Pinkus v. Reilly, 170 F.2d 786 (3rd Cir. 1948) aff'd. 338 U.S. 269, 70 S.Ct. 110, 94 L.Ed. 63 (1949).

With respect to the representations made by plaintiff relative to "S–X Exercises" contained in Exhibit D–3, referred to in the decision of the Hearing Examiner, it is conceded that those representations were correctly summarized in the Examiner's Findings of Fact as follows:

"14. The Respondent specifically, but only incidentally, represents, in substance that men and women ordering the equipment and basic exercise plan will be sent at no additional cost ('free') a set of special or extra exercises ('S–X Exercises') which are priceless because (a) if performed, according to instructions, they will increase the pleasure of marital sexual relations and (b) they reveal little-known tricks, methods and secrets for marital bliss."

The Examiner further found:

"20. The Respondent does, as an incidental inducement, send men and women ordering the equipment and basic exercise plan, a set of special

or extra exercises called 'S–X Exercises.' Those exercises are for the most part isometric exercises, the performance of which should contribute to an individual's health and sense of well-being. Under such circumstances, some slight beneficial effect in some marital sex relations may ensue. It is extremely doubtful that the 'S–X Exercises' reveal anything which can fairly be called 'little known tricks, methods and secrets for marital bliss.' The 'S–X Exercises,' according to Respondent are 'priceless.' Although this is surely an exaggeration, it is likely that even if the exercises confer a slight improvement in some person's marital sex relation, such a person may regard the result as 'priceless.' The 'S–X Exercises' are also, according to Respondent 'free.' This is obviously misleading beause the buyer has to pay about 10 dollars, or a little less, for the equipment and basic exercise plan. Although no cost is ascribed by Respondent to the 'S–X Exercises,' the cost is taken into account by the 10 dollar price for what the buyer gets. Indeed many thrifty persons would consider the ten dollar price extremely high particularly because sound isometric exercises can be performed without any special equipment. In the attempt to provide sex motivation for the sale of the equipment and basic exercise plan, Respondent exaggerates considerably, by words and pictures, in the incidental statements about sex and isometrics. But material falsity and intent to defraud are not proven."

 Before a fraud order can be issued it must be found not only that the claims made through the use of the mails were false, but also that said claims were made with intent to deceive. A fraud order is enforceable only if it is supported by substantial evidence. U.S. Health Club, Inc. v. Major, 292 F.2d 665 (3rd Cir. 1961) cert. den. 368 U.S. 896, 82 S.Ct. 172, 7 L.Ed.2d 92 (1961). The Hearing Examiner found in the case at bar that plaintiff's claims representing the "S–X Exercises", although possibly false, were not made with an intent to deceive. The Judicial Officer predicated her disagreement with the Hearing Examiner upon the same evidence upon which the Hearing Examiner concluded that there was no fraud. While recognizing that Dr. Dyke, the only witness who testified on the hearing before the Hearing Examiner, " * * * made no admissions whatsoever as to the effect of the 'S–X Exercises' on sex.", the Judicial Officer concluded that "The representations on the 'S–X Exercises' are a fraudulent gimmick used in the sale of isometric exercises and device * *". I fail to find that this conclusion of the Judicial Officer finds support in substantial evidence as required by Leach v. Carlile, 258 U.S. 138, 42 S.Ct. 227, 66 L.Ed. 511 (1922). Accordingly, plaintiff's cross motion for summary judgment will be granted, and defendant's motion for summary judgment will be denied. It follows, therefore, that the plaintiff is entitled to the injunctive relief prayed for in its complaint, and an appropriate order so providing may be presented.