**AMERICAN MEDICINAL PRODUCTS, Inc., et al. v. FEDERAL TRADE COMMISSION.**

**No. 9860.**

Circuit Court of Appeals, Ninth Circuit.

June 30, 1943.

Carl B. Sturzenacker, of Los Angeles, Cal. (Charles Rowan, of Milwaukee, Wis., of counsel), for petitioners.

W. T. Kelley, Chief Counsel, and Joseph J. Smith, Jr., Asst. Chief Counsel, Federal Trade Commission, both of Washington, D. C., for respondent.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

Here for review is an order of the Federal Trade Commission that petitioners, American Medicinal Products, Inc., and Ernest G. Rurup, in connection with the offering for sale, sale or distribution of their medicinal preparation known as Re-Duce-Oids, or any other preparation of substantially similar properties, whether sold under the same or under any other name, do forthwith cease and desist from directly or indirectly—

(1) Disseminating, or causing to be disseminated, any advertisement by means of the United States mails or by any means in commerce, as "commerce" is defined in the Federal Trade Commission Act,[1] 15 U.S.C.A. §§ 41–58, which advertisement represents, directly or through inference, that said preparation is a cure or remedy for obesity or constitutes a safe, competent or effective treatment therefor, or which advertisement fails to reveal that said preparation should only be used under competent medical supervision; that the unsupervised use of said preparation by persons not skilled in the diagnosis and treatment of thyroid conditions may result in serious and irreparable injury to health; that said preparation is definitely harmful if used by persons having diabetes, goiter, tuberculosis, arteriosclerosis or coronary diseases; and that the use of said prepara-

---

[1] Section 4 of the Act, 15 U.S.C.A. § 44, defines "commerce" as "commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such Territory and another, or between any such Territory and any State or foreign nation, or between the District of Columbia and any State or Territory or foreign nation."

tion over a long period of time may cause the breaking down of muscular and other tissues, as well as fat tissues, causing irritation of nerve tissue, nervousness, irritability and increased heart rate, with possible irreparable injury to health even to a normal individual.

(2) Disseminating, or causing to be disseminated, any such advertisement by any means for the purpose of inducing, or which is likely to induce, directly or indirectly, the purchase of said preparation in commerce.

■ The order was issued in a proceeding by the Commission against petitioners under § 5(b) of the Federal Trade Commission Act, 15 U.S.C.A. § 45(b), and was based on findings to the effect that petitioners were engaged in the business of selling and distributing in commerce[2] their medicinal preparation known as Re-Duce-Oids; that said preparation was recommended by petitioners as a cure or remedy for obesity and as a safe, competent and effective treatment therefor; that said preparation is not in fact a cure or remedy for obesity or a safe, competent or effective treatment therefor; that said preparation should only be used under competent medical supervision; that the unsupervised use of said preparation by persons not skilled in the diagnosis and treatment of thyroid conditions may result in serious and irreparable injury to health; that said preparation is definitely harmful if used by persons having diabetes, goiter, tuberculosis, arteriosclerosis or coronary diseases; that the use of said preparation over a long period of time may cause the breaking down of muscular and other tissues, as well as fat tissues, causing irritation of nerve tissue, nervousness, irritability and increased heart rate, with possible irreparable injury to health even to a normal individual; that, in the course and conduct of their business, petitioners disseminated false advertisements by United States mails and by other means in commerce for the purpose of inducing, and which were likely to induce, directly or indirectly, the purchase of said preparation, and by other

means for the purpose of inducing, and which were likely to induce, directly or indirectly, the purchase of said preparation in commerce; that said advertisements were false, misleading and deceptive in that they represented that said preparation is a cure or remedy for obesity and is a safe, competent and effective treatment therefor, and failed to reveal the above stated facts with respect to consequences which may result from the use of said preparation; and that the dissemination of said advertisements constituted an unfair and deceptive act or practice in commerce.[3] The findings are supported by evidence and hence are conclusive.[4]

■■ Petitioners ask us to set aside the order and, as grounds therefor, urge (1) that the Commission was not empowered to require petitioners to reveal the facts with respect to consequences which may result from the use of Re-Duce-Oids; (2) that the order is not supported by the complaint and findings; (3) that the findings are not supported by substantial evidence; and (4) that the order and the law under which it was issued[5] are unconstitutional and void.

There is nothing in any of these points. The order does not require petitioners to reveal anything. It requires them to cease and desist from disseminating false advertisements, particularly those described in the order, but does not require them to advertise at all. If petitioners do not choose to advertise truthfully, they may, and should, discontinue advertising. The order is supported by the complaint and findings, and the findings are supported by substantial evidence. The constitutional question attempted to be raised is lacking in substance. Petitioners have no constitutional right to disseminate false advertisements by the United States mails or by any means in commerce or by any means for the purpose of inducing, or which is likely to induce, directly or indirectly, the purchase of their preparation in commerce. That Congress had power to prohibit such dissemination cannot be doubted.

Order affirmed.

[2] See footnote 1.

[3] Federal Trade Commission Act, §§ 5 (a), 12, 15, 15 U.S.C.A. §§ 45(a), 52, 55.

[4] Federal Trade Commission Act, § 5 (c), 15 U.S.C.A. § 45(c).

[5] Federal Trade Commission Act, §§ 5, 12, 15, 15 U.S.C.A. §§ 45, 52, 55.