**REDDI-SPRED CORPORATION, Petitioner,**

v.

**FEDERAL TRADE COMMISSION, Respondent.**

**No. 11673.**

United States Court of Appeals
Third Circuit.

Argued Dec. 22, 1955.

Decided Jan. 18, 1956.

Edwin P. Rome, Philadelphia, Pa. (Blank & Rudenko, Philadelphia, Pa., on the brief), for petitioner.

Earl W. Kintner, Washington, D. C. (Robert B. Dawkins, Asst. Gen. Counsel, John W. Carter, Jr., Alvin L. Berman, Attorneys for Federal Trade Commission, Washington, D. C., on the brief), for respondent.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

McLAUGHLIN, Circuit Judge.

This petition brings before us an order of the Federal Trade Commission calling upon petitioner to cease and desist from disseminating or causing to be disseminated by means of the United States mails or by any means in commerce any advertisement which represents or suggests that the oleomargarine or margarine it presents for sale is a dairy product.[1]

The Commission's action was taken under the 1950 amendment to Section 15 of the Federal Trade Commission Act, 15 U.S.C.A. § 55(a) (2)[2] whereby it found that the petitioner's advertisements in evidence were misleading in a material respect. Under 55(a) (1) that sort of advertisement is a false advertisement and Section 12 of the Act, 15 U.S.C.A. § 52, makes it "[u]nlawful * * * to disseminate, or cause to be disseminated, any false advertisement— (1) By United States mails, or in commerce by any means, for the purpose of inducing, * * * the purchase of food, * * *."

Section 15(f) of the Act states that for the purposes of Section 15 the term "oleomargarine" or "margarine" includes "(1) all substances, mixtures, and compounds known as oleomargarine or margarine; (2) all substances, mixtures, and compounds which have a consistence similar to that of butter and which contain any edible oils or fats other than milk fat if made in imitation or semblance of butter."

Initially the hearing examiner dismissed the complaint. He did not dispute that the test as established by the statute was whether the advertisements in question represented or suggested that the margarine involved was a dairy product. He accepted what is plainly indicated in the history of Section 15(a) (2)[3] that its purpose, as far as our specific problem is concerned, was to prevent sellers of oleomargarine and margarine from representing as butter[4] a product composed of any oils and fats other than milk fat. However, he founded his decision upon his conclusion that the "[a]dvertisements do not tend to mislead the purchasing public into the belief that 'Reddi-Spred' is butter or any other dairy product, * * *" and therefore held that petitioner had not violated the law. The Commission upon consideration of the entire record reversed that decision, finding as a fact that "The prominent use of the word butter in

1. The proviso under Paragraph No. 1 of the Commission's order as it now stands reads:
   "*Provided, however,* that nothing contained in this order shall prevent the use in advertisements of a truthful, accurate and full statement of all of the ingredients contained in said product or of a truthful statement that said product contains butter or any other dairy product provided the percentage thereof contained is clearly and conspicuously set forth."
   Since the order was entered the Commission has concluded that it does not possess the authority under the 1950 amendment to Section 15 of the Federal Trade Commission Act, 15 U.S.C.A. § 55 (a) (1, 2), to allow in oleomargarine advertisements "a truthful statement that said product contains butter or any other dairy product provided the percentage thereof contained is clearly and conspicuously set forth." The Commission has asked us to modify its order by striking out that language.

2. "Sec. 15. For the purposes of sections 12, * * *
   "(a) (2) In the case of oleomargarine or margarine an advertisement shall be deemed misleading in a material respect if in such advertisement representations are made or suggested by statement, word, grade designation, design, device, symbol, sound, or any combination thereof, that such oleomargarine or margarine is a dairy product, except that nothing contained herein shall prevent a truthful, accurate, and full statement in any such advertisement of all the ingredients contained in such oleomargarine or margarine."

3. For a comprehensive report of the legislative background of Section 15(a) (2) see the Commission opinion In the Matter of E. F. Drew & Company, Inc. a corporation, F. T. C. docket No. 6126.

4. In the proceedings before the Commission the parties stipulated that "butter is a dairy product".

respondent's advertising, together with the representation that Reddi-Spred is some kind of a product other than margarine because of its butter content, clearly suggests that it is a dairy product."

■ We think the decision of the Commission should be affirmed. It is soundly based upon the particular 1950 oleomargarine law. The consumer test, erroneously applied by the examiner, is strongly urged by appellant under the doctrine of United States v. 88 Cases, etc., 3 Cir., 1951, 187 F.2d 967. That decision is not in point. Its holding was that in Section 402(b) (4) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 342(b) (4), the standard indicated is as said in 187 F.2d at page 971, "[t]he reaction of the ordinary consumer under such circumstances as attended retail distribution of this product." The issue before us is not whether the advertisements of Reddi-Spred have the tendency or capacity to deceive the purchasing public into believing that it is in reality a dairy product or something sold under a trade name which is actually different from oleomargarine. Nor does the Commission contend there

is no butter in Reddi-Spred. It does justifiably decide that the shrewd featuring of the word butter in the advertisements coupled with skillfully worded statements which infer that because of its butter content Reddi-Spred is substantially different from margarine suggests that Reddi-Spred is a dairy product and so violates the letter and spirit of the statute. With the advertisements before us it is impossible to say that the Commission's finding is arbitrary or clearly wrong.[5]

■ Petitioner must face the flat prohibition of 15(a) (2). Any change in its terms is a problem for the Congress, not the courts. As the amendment is worded and was intended the violation consists in the suggestion itself. The Commission is not forced to go to the length of showing deception of the public. The design of the amendment is to prohibit a seller of oleomargarine from using dairy terms to imply that the oleomargarine offered is a dairy product. The 1950 law on its face does not contemplate public reaction or opinion evidence as its guide. It sets up a purely factual standard. Matching the advertisements in evidence against it they do,

---

5. The Commission introduced nine advertisements in evidence, the petitioner six. All these feature butter with the insinuation that because of butter Reddi-Spred was essentially different from ordinary oleomargarine. A typical example is the Commission's Exhibit No. 2 as follows:

"Sorry * * *
We must call it 'Margarine' (that's the law)                                                    (Picture of a girl's face)
But this product is so wonderfully different —that it really should have a name all its own.
Thats why we named it
REDDI-SPRED                    (in very large black type),
Brand
A *Premium* OLEOMARGARINE                                      (Picture of a tub and a
containing not only                                            carton of Reddi-Spred
VEGETABLE FATS                                                 clearly labeled Oleo-
but also                                                       margarine)
REAL FRESH BUTTER
(List of all ingredients in small letters)
BUTTER Makes BETTER
It Taste
Yes, it's the BUTTER that makes it taste BETTER * * * that's why we say, Don't Confuse 'Ordinary Margarine' with REDDI-SPRED. Compare it with any spread at any price * * * you'll agree that for taste and economy, REDDI-SPRED is perfect for every serving and cooking need. Compare, but don't confuse REDDI-SPRED with 'Ordinary margarine'!
Buy Reddi-spread today from your super market or neighborhood grocer!"

as the Commission has found, suggest that Reddi-Spred is a dairy product.[6]

Petitioner also argues that the Commission's construction of Section 15(a)(2) prescribes a standard too vague for constitutional application. In our view the Commission's interpretation is in accordance with its plain meaning and legislative history. The heart of the law is its bar against representing or suggesting oleomargarine as a dairy product. Some necessary generalization is involved in the Commission's order so that the statute's objective may be attained but the purpose of the order cannot be misunderstood. It categorically forbids a distinctly defined practice. Dorfman v. Federal Trade Commission, 8 Cir., 1944, 144 F.2d 737, 738. "The order is not bound to chart a course for the petitioner. The petitioner can have no doubt of the evils complained of and sought to be corrected. The offenses of which the petitioner was found guilty are met by the order." Zenith Radio Corporation v. Federal Trade Commission, 7 Cir., 1944, 143 F.2d 29, 31.

Though not mentioned in its brief the petitioner in oral argument claimed that the absence of a definition of "dairy product" in the 1950 amendment rendered it so vague that it affords no criterion for avoidance of future liability. That question, if there is one, does not arise in this case for here the dairy product with which we are dealing, namely, butter, has been so stipulated.

The order of the Commission will be modified by striking from the proviso under paragraph No. 1 the following language "[o]r of a truthful statement that said product contains butter or any other dairy product provided the percentage thereof contained is clearly and conspicuously set forth." and by inserting a period after the word "product". The proviso as modified will read:

"*Provided, however,* that nothing contained in this order shall prevent the use in advertisements of a truthful, accurate and full statement of all of the ingredients contained in said product."

The order of the Commission as modified will be affirmed.

6. The holding in Aronberg v. Federal Trade Commission, 7 Cir., 1942, 132 F. 2d 165, concerned Section 15(a)(1) of the Act. It involved interpretation by the Commission of the advertisements there in question and from this arriving at conclusions of their ultimate effects. That case does not help us in the instant matter where under the oleomargarine amendment, as we have already stated, if the advertisement suggests that what is being sold is a dairy product it is "[d]eemed misleading in a material respect."