**BAKERS FRANCHISE CORPORATION, a Corporation, and Irving G. Fox and Harry C. Freedman, Individually and as Officers of Said Corporation, Petitioners,**

v.

**FEDERAL TRADE COMMISSION, Respondent.**

No. 13746.

United States Court of Appeals Third Circuit.

Argued March 19, 1962.

Decided May 1, 1962.

Gilbert H. Weil, New York City, for petitioners.

Miles J. Brown, Washington, D. C. (James McI. Henderson, Gen. Counsel, J. B. Truly, Asst. Gen. Counsel, on the brief), for the Federal Trade Commission.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

GOODRICH, Circuit Judge.

The petitioners in this case[1] seek review and reversal of an order issued by the Federal Trade Commission upon a complaint charging them with dissemination of false advertisements in violation of the Federal Trade Commission Act.[2]

■ Bakers is engaged in licensing persons in the baking business throughout the United States to produce and sell bread made from a secret formula which is petitioners' property. Persons so licensed are permitted to market this bread under the trademark "Lite Diet." Bakers supplies advertising copy and materials which are placed by the licensees in newspapers and on radio and television. The Commission charged that in the course of their business Bakers had disseminated advertisements representing that this bread, "Lite Diet," was a low calorie food and that its consumption as part of a diet would prevent the consumer from gaining weight. The Commission charged that the bread was not a low calorie food and that the advertisements were false and constituted deceptive practices.

The Commission's conclusions are in findings 7 and 8 and are quoted verbatim:

"7. The words light diet are interpreted by the public to mean a low calorie, reducing diet. Thus, the use by respondents of the trademark 'Lite Diet' has the capacity to mislead and does in fact mislead the public into the belief that bread so advertised is lower in calories than regular white bread.

"8. The words 'Lite Diet' as a designation for respondents' product are false and deceptive and cannot be properly qualified to adequately protect the public from the erroneous and mistaken impression that respondents' product is a low calorie bread; qualification of the trade name will not remove the deception inhering in its continued use."

It was shown that "Lite Diet" bread is sliced thinner than many varieties of white bread sold on the market. A slice of "Lite Diet" weighs seventeen grams compared to the twenty-three gram

1. Bakers Franchise Corporation, hereinafter called Bakers, and Irving G. Fox and Harry C. Freedman, individually and as officers of the corporation.

2. Federal Trade Commission Act § 12, 15 U.S.C.A. § 52:
 "(a) It shall be unlawful for any person * * * to disseminate * * * any false advertisement—
 "(1) By United States mails, or in commerce * * * which is likely to induce, directly or indirectly the purchase of food * * *; or
 "(2) By any means * * * which is likely to induce, directly or indirectly, the purchase in commerce of food * * *.
 "(b) The dissemination * * * of any false advertisement * * * shall be an unfair or deceptive act * * * within the meaning of section 5 [of the Federal Trade Commission Act]."

weight of the average slice of many white breads. Obviously, thinner slices of even the same bread would contain fewer calories. Thus, the thinner slice of "Lite Diet" bread contains forty-five calories, while the Commission's "average" slice of white bread contains sixty-two. A person eating a slice of "Lite Diet" bread would, therefore, be feeding himself fewer calories than if he had the usual slices of the thicker-cut white bread. But, as the Commission pointed out in the course of its discussion, the same thing would be true if one took one pat of butter instead of two, or a small slice of pie instead of a large one.

Pound for pound, a loaf of "Lite Diet" bread has the same number of calories as a loaf of ordinary bread, and the Commission says that the only difference is that "Lite Diet" is sliced thinner. There is a contention on the part of Bakers that the secret formula of "Lite Diet" adds other ingredients of high nutritional value, so that the thinner slice of "Lite Diet" is as beneficial, nutritionwise, as a larger slice of ordinary white bread. There was some testimony to support this claim but no finding was made thereon. We think it is not significant one way or the other because the real point is whether "Lite Diet" advertising is deceptive and not whether the bread itself is nutritional.

Following is a set of the advertisements issued in the promotion of "Lite Diet." In some of the newspaper material the statements were accompanied by a picture of a slim, fully dressed, young woman holding a slice of bread. The Commission's brief to the Court contains additional samples of the advertising statements, but the following are listed as typical in the Commission's opinion and are repeated here although there was no dispute that other copy was also used. Here they are:

"Who'd believe it could help you control your weight? So try it * * * Lite Diet * * * Lite Diet. * * *"

"Here's a bread that tastes great yet helps you control weight. It's Lite Diet, Lite Diet, Lite Diet."

" * * * Will you listen to him? Says it helps you keep slim * * * Do try it * * * Lite Diet * * * Lite Diet."

"Who'd ever think such delicious bread could help you keep slim!"

"Fortified with B vitamins & minerals."

"No added sugar or shortening."

"Approx. 45 calories per 17 gram slice."

"Lite Diet

WHITE SPECIAL FORMULA BREAD"

At the hearing there was testimony from several lay witnesses, and there was a stipulation that if additional lay witnesses were called their testimony would be substantially similar. Each side claimed that the testimony of the lay witnesses bore out its contention. Here is some cited by Bakers (all emphasis by Bakers):

Witness 1:

"A. * * * I thought it was something you would *use for dieting,* if you wished to lose weight * * *."

Witness 2:

"A. Well, it meant to me more or less—gave me the impression if you wanted to slim down or lose weight, this would be the proper—just the right type of bread to use, *especially on a diet* * * *."

Witness 3:

"Q. So that, is it your understanding from this ad that what you are being told is that Lite Diet Bread can help you to keep slim *by being a suitable and effective component of a reducing diet?* * * * A. Yes."

Witness 4:

"A. Well, *in case you are on a diet,* I imagine that would be used in preference to other kinds of bread that are supposed to be fattening; that it would be *used in a diet, yes.*"

Witness 5:

"A. Well, to me it would mean lighter in calories, *or a bread for diet. If you were on a diet*, it would be of assistance to you *on a diet.*
\* \* \*

"A. *Strictly a bread for diet.* For people who are interested in controlling their weight, that that bread would *help* do that."

The following excerpts from the lay testimony are given by the Commission to support its position:

" \* \* \* it was probably lower in calories than ordinary bread."

" \* \* \* it would be the right bread to keep you slim if you are on a diet, since it says it is low in calories \* \* \*."

" \* \* \* it would be used as preferable to another bread."

"It implies to me a low calorie bread."

" \* \* \* this implies to me that this is a low calorie bread for people who are trying to lose weight."

"Well, in case you are on a diet, I imagine that would be used in preference to other kinds of bread \* \* \*."

"Well, it is lower [in calories] than the regular breads, the one [*sic*] that aren't advertised as light diet \* \* \*."

And so the Commission concluded that "the testimony of the consumer witnesses indicates that they were all completely misled by respondents' advertisement and trade-name." Then it went on to say that it found on its own authority that the advertisements are deceptive and misleading.[3] The Commission recognized that the deception here was by innuendo rather than outright false state-

ment. That deception may be so accomplished is recognized by the cases.[4]

If one eats food containing more calories than his body uses up, the remainder goes into fat as a reserve. If he keeps on doing this long enough he will gain weight. If he can balance his calorie consumption with his intake, his weight will remain stationary and his diet will be right, assuming that he wants his weight to remain stationary and that his food is properly balanced to secure the necessary nutritive elements. There is no doubt that if a consumer eats a slice of "Lite Diet" he will take in fewer calories than a fellow consumer who eats a slice of the usual type of white bread. But as remarked above, the same is true if the consumer takes one pat of butter instead of two. Bakers argues that the public is not deceived because it thinks in terms of slices rather than weight of bread. The Commission did not find this to be so and we do not think the Commission was in error in this regard.

The question really gets down to an examination of these advertisements in view of the facts about what calories do to people. Do these advertisements create a false impression as to the value of "Lite Diet" bread as compared with other articles of food? The Commission's judgment is what controls here unless a court finds that the judgment is unsupported by evidence or is capricious or arbitrary or what you will. We think an examination of the advertisements clearly supports the Commission's finding that by implication and innuendo the deceptive impression had been created.

The Commission also found that the words "Lite Diet" are false and deceptive and cannot be properly qualified to protect the public adequately from decep-

3. This method of reaching a conclusion was correct. Exposition Press, Inc. v. F.T.C., 295 F.2d 869, 872 (2d Cir.1961); E. F. Drew & Co., Inc. v. F.T.C., 235 F.2d 735, 741 (2d Cir. 1956), cert. denied, 352 U.S. 969, 77 S.Ct. 360, 1 L.Ed.2d 323 (1957); Zenith Radio Corp. v. F.T.C., 143 F.2d 29, 31 (7th Cir. 1944).

4. Rhodes Pharmacal Co., Inc. v. F.T.C., 208 F.2d 382, 387 (7th Cir. 1953), modified by restoring Commission's order in toto, 348 U.S. 940, 75 S.Ct. 361, 99 L. Ed. 736 (1955); Koch v. F.T.C., 206 F. 2d 311, 317 (6th Cir. 1953).

tion. It, therefore, forbade the use of the trademark "Lite Diet" in commerce. This part of the order is bitterly attacked by Bakers. The Commission says that it is adhering to the Supreme Court's direction that a trademark is not to be excised if less drastic means will accomplish the same result. Jacob Siegel Co. v. F. T. C., 327 U.S. 608, 66 S.Ct. 758, 90 L.Ed. 888 (1946); F. T. C. v. Royal Milling Co., 288 U.S. 212, 53 S.Ct. 335, 77 L.Ed. 706 (1933).

The Commission concluded that to use "Lite Diet" with the phrase "not a low calorie bread" or "not low in calories" would be a contradiction in terms and would completely confuse the consumer public. The matter of choice of remedy is one for the Commission. Jacob Siegel Co. v. F. T. C., supra at 611–612, 66 S.Ct. at 759–760. We cannot say that its discretion was improperly exercised in this case.

The order of the Commission will be affirmed.